UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WAYNE A. RITCHIE,

        Plaintiff,                                  No. C 00-3940 MHP

   v.

UNITED STATES OF AMERICA,                **ORDER**

        Defendant.
_____/

    On April 27, 2005, defendant moved to vacate the court's January 5, 2005 order imposing monetary sanctions on the United States and on Assistant United States Attorney ("AUSA") Patricia Kenney pursuant to Federal Rule of Civil Procedure 30(d)(3). In the alternative, defendant seeks leave to file a motion for reconsideration of that order pursuant to Civil Local Rule 7-9(b).

    In the order that defendant now seeks to vacate, the court found that Kenney improperly employed obstructionist tactics in defending the deposition of Ira Feldman on February 7, 2003. While it concluded that this misconduct was not sufficiently egregious to warrant the sanctions sought by plaintiff—precluding defendant from presenting a defense on the issue of liability—the court nevertheless found that a less severe penalty was appropriate. The court thus imposed monetary sanctions on defendant and on Kenney, ordering each of them to pay one-half of the attorneys' fees that plaintiff incurred in taking Feldman's February 2003 deposition.

    In seeking to vacate that order, defendant argues that the court failed to give adequate notice before imposing sanctions under Rule 30(d)(3). It is of course true that a court may not sanction a litigant or an attorney *sua sponte* without first providing the target of the penalty an opportunity to show cause why sanctions should not be imposed. Navellier v. Sletten, 262 F.3d 923, 943 (9th Cir. 2001) (citation

omitted), cert. denied, 536 U.S. 941 (2002). However, what due process requires is notice of the possibility that sanctions may imposed and an opportunity for the litigant or attorney to defend himself or herself against the allegations of misconduct. See Paladin Assocs., Inc. v. Montana Power Co. , 328 F.3d 1145, 1164-65 (9th Cir. 2003). While it may be true that plaintiff moved for sanctions pursuant to the court's inherent power rather than pursuant to Rule 30(d)(3), plaintiff's motion and defendant's opposition to that motion explicitly addressed the conduct that the court ultimately found to be sanctionable. That the court decided to impose a less severe penalty than that which was sought by plaintiff hardly prevented defendant or Kenney from vigorously defending themselves against the allegations of misconduct that were addressed in the January 2005 order. Accordingly, the court finds that defendant received all the process that was due prior to the court's decision to impose sanctions under Rule 30(d)(3). Defendant's motion to vacate the order imposing those sanctions must therefore be denied.

Alternatively, defendant requests leave to file a motion for reconsideration of the court's January 2005 order. This request is premised upon evidence that came to light during the April 2005 trial held in the instant action, which defendant characterizes as establishing conclusively that plaintiff suffered no prejudice from Kenney's misconduct. The court cannot accept this characterization of the trial record. Simply put, the prejudicial effect of Kenney's obdurate behavior cannot be ascertained from the evidence presented at trial, just as it could not be determined based on the facts in the written record. In any event, the court has already made clear that its rationale for imposing sanctions was not premised upon the prejudicial effect of Kenney's misconduct, but rather upon the ethical impropriety of the conduct itself. Accordingly, defendant's suggestion that the court should reconsider its January 2005 order is not well-taken. Its request for leave to file a motion for reconsideration of that order is therefore denied.

## CONCLUSION

For the reasons stated above, the court DENIES defendant's motion to vacate the court's January 5, 2005 order imposing sanctions upon it and upon AUSA Patricia Kenney and DENIES defendant's motion for leave to file a motion for reconsideration of that order.

IT IS SO ORDERED.

1  Dated: June 6, 2005                                        /s/_____
2                                                             MARILYN HALL PATEL
                                                              District Judge
3                                                             United States District Court
                                                              Northern District of California
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ENDNOTES**

UNITED STATES DISTRICT COURT
For the Northern District of California