UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WAYNE RITCHIE,

          Plaintiff,

  v.

UNITED STATES OF AMERICA,

          Defendant.

No. C 00-3940 MHP

**MEMORANDUM & ORDER**
**Re: Plaintiff's Motion to Compel Discovery and Review Taxation of Costs**

    Plaintiff Wayne Ritchie brought an action against the United States of America, alleging that the Central Intelligence Agency and the Bureau of Narcotics tested psychoactive drugs on unknowing and unwitting American citizens including plaintiff during the 1950s, and that this non-consensual testing drove plaintiff to commit an armed robbery on December 20, 1957. Plaintiff initially filed claims against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"), and against Robert V. Lashbrook and Ira Feldman under the First, Fourth, Fifth and Eighth Amendments to the United States Constitution. Plaintiff sought twelve-million dollars in compensatory damages, as well as costs and attorneys' fees. The court held a four-day bench trial on the FTCA claims and subsequently granted judgment in favor of defendant. Now before the court is plaintiff's motion to compel documents and to review the clerk's taxation of costs.

BACKGROUND[1]

As explained in this court's July 1, 2002 Memorandum and Order, plaintiff, a former Deputy United States Marshal, alleges that he was unwittingly given food or drinks that were laced with lysergic acid diethylamide (LSD) or another psychoactive drug while he was attending a holiday party in the United States Post Office Building on December 20, 1957. Compl. ¶ 12. According to plaintiff's uncontradicted declaration, Ritchie first arrived at his office's Christmas party at approximately noon on December 20, 1957. Ritchie Dec. ¶ 5. He drank a single bourbon and soda and returned to his office shortly thereafter. Id. Two hours later, Ritchie re-entered the party and consumed three or four more drinks. Id. at 6. Plaintiff then began to feel paranoid and imagined that his fellow officers and co-workers had turned against him. Id. at 7. He left work, returned home briefly, and then visited four bars, where he consumed a total of two more drinks. Id. at 7-9. Still fueled by paranoia, plaintiff then resolved to hold up a bar and returned to his office where he took two revolvers from his personal locker. Id. at 9-10. He entered a fifth bar, had one drink, and then drew a weapon and demanded money. Id. at 10. Someone knocked Ritchie unconscious, and he was subsequently arrested. Id. at 10-11.

Plaintiff alleges that he was a victim of a federal program, called "MKULTRA," dedicated to the research and development of drugs, including LSD, that might be used to alter human behavior. Compl. ¶¶ 18 & 26. Plaintiff maintains that he "first suspected that he might have been surreptitiously drugged" when he read the obituary of Dr. Stanley Gottlieb, a former CIA agent implicated in that agency's mind-control program, in the newspaper on March 15, 1999. Compl. ¶ 23. He found additional support for his suspicion in April 1999 when he read a diary entry of George White, an agent of the Bureau of Narcotics and allegedly the operating head of the CIA's "mind-altering program" in San Francisco. See Compl. ¶ 24; Ritchie Dep., Exh. B-12 (White was a senior employee at the San Francisco Federal Narcotics Bureau in the 1950s). White's December 20, 1957, diary entry stated, in part, "xmas party Fed bldg Press Room." Ritchie Dep., Exh. D; Compl. ¶ 25.[2] White was an MKULTRA subcontractor from approximately 1953 until 1964. McGinn Dec. ¶ 5. In that role, he established a safehouse apartment in San Francisco where drug

tests were conducted on drug informants and prostitutes. Id. Defendant has also produced an extensive record of newspaper and television coverage documenting federal mind-control experimentation. Id., Exhs. A-C (newspaper articles) & X (books).

After a number of pre-trial motions, the court conducted a bench trial. At trial, Ritchie presented two live witnesses during his case-in-chief: himself and a doctor who testified that LSD was the cause of Ritchie's attempted robbery. Ritchie also relied on the deposition testimony of Ira Feldman, a former agent involved with the MKULTRA program. After Ritchie concluded his case in chief, the government moved for judgment as a matter of law under Federal Rule of Civil Procedure 52(c). The court granted the government's motion.

The allegations in the instant motion concern the deposition of Feldman on July 30, 2002. On May 8, 2007, long after the deposition and the conclusion of trial, plaintiff's counsel, Sidney Bender, took Feldman to lunch. During that lunch, Feldman told Bender that shortly before the scheduled deposition two attorneys representing defendant—Kathleen McGinn, agency counsel for the Central Intelligence Agency, and Patricia Kenney, assistant United States Attorney—provided Feldman with a list of questions and proposed answers ("scripts") in preparation for the deposition. Bender also admits that Feldman retracted his statements about the scripts in subsequent conversations. Bender Dec. ¶ 2.

Plaintiff presented similar arguments in the context of the government's motion at the close of trial pursuant to Federal Rule of Civil Procedure 52(a). At that time, plaintiff sought sanctions against defendant arguing that defense counsel was aware of Feldman's perjurious testimony. The court reviewed those allegations at the time and concluded that plaintiff had not established by a preponderance of the evidence that defense counsel had knowingly presented perjured testimony. The court sanctioned defendant pursuant to Rule 30(d)(3) because Kenney's behavior "may well have denied plaintiff the opportunity to solicit further valuable testimony." January 5, 2005 Order, at 15. The court awarded plaintiff reasonable costs and attorneys' fees incurred in taking Feldman's second deposition. That ruling was subsequently affirmed by the Ninth Circuit. Ritchie v. United States, 451 F.3d 1019, 1022 (9th Cir. 2006).

LEGAL STANDARD

Motion for Review of Taxation of Costs

An award of costs to a prevailing party is permitted as a matter of course under Federal Rule of Civil Procedure 54(d)(1).[3]  An item is not recoverable as a cost under Rule 54(d) unless it is specifically enumerated in 28 U.S.C. § 1920.[4]  "[Section] 1920 defines the term 'costs' as used in Rule 54(d).  Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987).  A court denying the prevailing party costs under rule 54(d)(1) must provide its reasons for doing so.  Ass'n of Mexican-Am. Educators v. State of Cal., 231 F.3d 572, 592–93 (9th Cir. 2000).

Northern District Civil Local Rule 54 sets out procedures for awarding taxable costs and further delineates the types of costs taxable under Federal Rule of Civil Procedure 54(d).  Civil Local Rule 54-3(a)(1) allows for "the Clerk's filing fee" to be taxed "if paid by the claimant."  Civil Local Rule 54-3(f) allows for taxing of fees for masters and receivers.  No other allowances for any type of filing fee is made under Civil Local Rule 54.  Federal Rule of Civil Procedure 54(d)(2)(a) provides that a claim for non-taxable costs related to attorneys' fees can be made by motion.

DISCUSSION

Plaintiff seeks two forms of relief: first, he asks the court to compel the discovery of certain documents for the purposes of challenging the clerk's taxation of costs; second, he requests a review of the clerk's taxation of costs.  The court will review each of these requests.

I.      Motion to Compel

Plaintiff seeks discovery of certain "scripts" he alleges that the government's attorneys prepared for defendant Ira Feldman in advance of his deposition.  He contends that production of the documents may establish that defendants' attorneys knew that Feldman was likely to commit perjury before his deposition was taken.

4

Plaintiff moves pursuant to Federal Rule of Civil Procedure 34 for his requested discovery. Rule 34(a) states that:

> [a]ny party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, test, or sample any designated documents or electronically stored information . . . which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served.

Fed. R. Civ. P. 34(a). He also cites Federal Rule of Civil Procedure 45 governing subpoenas to support his request. Compelling discovery is inappropriate here because plaintiff has not made a formal discovery request pursuant to Rule 34 or subpoena under Rule 45. Furthermore, plaintiff has not properly served either on defendant. Compelling discovery is available only after a formal request—via request or subpoena—has been rejected by a party. See Fed. R. Civ. P. 34(c), 45. In his reply, plaintiff contends that his motion to compel "could be considered a request for production of documents by a party to this action." Pl.'s Reply at 1. It is possible that plaintiff considers a motion to compel a proper request under Rule 34(c), but this court does not.

Second, defendant contends that there is no mechanism for discovery at this point in the litigation. Rule 54(d)(1) does not envision a discovery process as part of a request for review of taxation of costs. Fed. R. Civ. P. 54(d)(1) ("Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ."). The text of the Rule is silent on whether discovery is permitted as part of the review of a bill of costs. While it may be unusual to seek post-trial discovery in challenging a bill of costs, it may be justified in extraordinary circumstances. This is not an extraordinary case such as to justify the discovery sought.

Finally, defendant states that it has no responsive documents to plaintiff's request. It contends that such a request is baseless and further alleges that plaintiff's counsel obtained information on the requested documents in a suspect manner. Plaintiff's counsel, defendant contends, contacted Feldman without first contacting Feldman's counsel and probed Feldman with questions about privileged communications. Moreover, Feldman subsequently denied any admissions he made in conversations with counsel. Bender Dec. ¶ 2 ("In subsequent telephone calls

1  Mr. Feldman reversed his admission and denied making the above statements.").

2  Defendant has submitted declarations from the two lawyers responsible for preparing
3  Feldman for his deposition. Both attorneys deny giving Feldman scripts. Kenney Dec. ¶ 6, 8–14 ("I
4  can state unequivocally that I have never given any witness, including Mr. Feldman, a written
5  statement of 'proposed answers.'"); McGinn Dec. ¶ 5–6. Kenney also submits her personal records
6  indicating that she did not stay at the hotel where plaintiff alleges that the deposition preparation
7  took place. Kenney Dec. ¶ 11, 12, Exh. A. The court is satisfied that there are likely no responsive
8  documents to plaintiff's request, were any such request properly made.

9  The motion to compel is DENIED.

11  II.  Motion for Review of Taxation of Costs

12  Plaintiff seeks review of the clerk's taxation of costs in the amount of $14,204.63 pursuant to
13  Civil Local Rule 54-5. He argues that defendant's unclean hands resulting from deliberate acts of
14  misconduct in regard to the Feldman deposition entitle him to a denial of all costs. See Association
15  of Mexican-Am. Educators v. Calif., 231 F.3d 572, 591 (9th Cir. 2000) (noting that the court may
16  use its discretion to deny the award of costs to punish prevailing party misconduct).

17  Plaintiff argues that he is entitled to a reduction of costs because of an alleged contradiction
18  between the Ninth Circuit and this court in the characterization of Feldman's deposition testimony.
19  In reviewing this court's imposition of sanctions for the conduct of the government's counsel at
20  Feldman's deposition, the Ninth Circuit described Feldman's deposition testimony as a "series of
21  incriminating, contradictory, and combative statements about his role in the CIA's LSD project."
22  Ritchie v. United States, 451 F.3d 1019, 1024 (9th Cir. 2006) (footnotes omitted). Plaintiff contends
23  that this statement by the Ninth Circuit in describing the events at trial "effectively overruled this
24  court's" conclusions that the Feldman's statements were oblique at best. Pl.'s Mot. at 6. Plaintiff is
25  incorrect. The Ninth Circuit not only did not effectively overrule this court, it affirmed the court's
26  conclusions about Feldman's testimony, albeit with some reservations:

27  Although Feldman made a number of comments in his depositions suggesting that he was

6

involved in drugging Ritchie, the district court's determination that Ritchie did not prove Feldman's involvement is not clearly erroneous.

Id.  Plaintiff also bases his request for a reduction of costs on the fact that the court awarded him sanctions in the form of attorneys' fees for the second deposition. While the court is empowered to reduce or refuse to tax costs where there is misconduct, any misconduct here has been sanctioned previously. To reduce costs would serve only to doubly penalize defendant. The fact that Ritchie waived the sanction in order to perfect his appeal is of no consequence.

Defendant notes that the clerk has already reduced its costs from $26,176.14 to $14,204.62. Plaintiff's spurious allegations against defense counsel, mischaracterization of the Ninth Circuit's findings, failure to properly serve defendant with a discovery request before filing a motion to compel discovery as well as his somewhat dubious conduct toward Feldman, a person of ailing health, suggest that plaintiff may well be the party deserving of sanctions. However, this case should find repose in finality and not rise up once more in post-trial, post-appeal reprises.

The motion for review of costs is DENIED.

CONCLUSION

Plaintiff's motion to compel production is DENIED and the motion for review of costs is DENIED.

IT IS SO ORDERED.

Dated: August 3, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**UNITED STATES DISTRICT COURT**
For the Northern District of California

## ENDNOTES

1. All facts cited herein are taken from the Complaint unless otherwise noted.

2. The full entry reads: "home flu – xmas party Fed bldg Press Room." Ritchie Dep., Exh. D.

3. Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part

> Costs Other than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

4. Section 1920 provides

> Taxation of costs
> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under § 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>  A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.